IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| LUIS A. CARRION, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 07-626C |
| | ) | (Judge Braden) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION FOR A PROTECTIVE ORDER
SUSPENDING DISCOVERY PENDING RESOLUTION OF
DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

Pursuant to Rule 26(c) of the Rules of the United States Court of Federal Claims, RCFC Appendix A, ¶10, and this Court's Scheduling Order of April 1, 2008, defendant respectfully requests the Court to suspend discovery relating to plaintiffs' claims for compensation pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for the time spent driving a Government vehicle between home and work (including any obligation to respond to plaintiff's first request for production of documents, served April 3, 2008), pending resolution of the defendant's motion for judgment on the pleadings concerning these claims, filed on April 11, 2008. Because the Government's motion, if granted, will dispose of the "driving time" claims, suspension of discovery pending resolution of the motion is appropriate in order to avoid the burden and expense of engaging in potentially unnecessary discovery. The parties have consulted in good faith to resolve this matter, but have been unable to resolve it.

As this Court has observed, "[w]hen a dispositive motion is pending, the question of whether to suspend discovery depends upon the relevancy of the purported discovery requests, whether the facts have been stipulated to, and whether further discovery would uncover facts which would aid the party seeking discovery in its opposition to the dispositive motion."

Reliance Ins. Co. v. United States, 18 Cl. Ct. 359, 360 (1989). Once a dispositive motion is filed, discovery should not proceed unless the party opposing the motion demonstrates that it needs discovery for the purpose of responding to the dispositive motion. New America Shipbuilders, Inc. v. United States, 871 F.2d 1077, 1081 (Fed. Cir. 1989); see also Schism v. United States, 316 F.3d 1259, 1300 (Fed. Cir. 2002) (en banc); Taylor v. United States, 303 F.3d 1357,1359, 1361-62 (Fed. Cir. 2002) (holding trial court did not abuse its discretion in staying discovery pending ruling upon a dispositive motion). This Court aptly explained the basis for a suspension of discovery pending resolution of a dispositive motion in International Graphics v. United States, 3 Cl. Ct. 715, 718 (1983). In International Graphics, the Court held that allowing discovery, which could develop facts relevant only to a trial on the merits (which might or might not take place, pending the outcome of the dispositive motion), would impose an unjustifiable burden upon the defendant. Other courts – including the Supreme Court – have repeatedly sanctioned the suspension of discovery pending resolution of dispositive motions. See, e.g., Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) (forbidding discovery in suits against Government officials in their individual capacity until the threshold immunity question had been resolved by summary judgment).[1]

---

[1] See also Panola Land Buyers Association v. Shuman, 762 F.2d 1550, 1560 (11th Cir. 1985); Ingram Corporation v. J. Ray McDermott & Company, Inc., 698 F.2d 1295, 1204 n.13 (5th Cir. 1983); Scoggins v. Air Cargo, Inc., 534 F.2d 1134, 1133 (5th Cir. 1976); Rosin v. New York Stock Exchange, 484 F.2d 179, 185 (7th Cir.), cert. denied, 415 U.S. 977 (1974); Brennan v. Local Union No. 639, International Brotherhood of Teamsters, 494 F.2d 1092 (D.C. Cir. 1972); . Coastal States Gas Corp. v. Department of Energy, 84 F.R.D. 278, 282-85 (D. Del. 1979); O'Brien v. Avco Corporation, 309 F. Supp. 703, 705 (S.D.N.Y. 1969); Hilton v. W.T. Grant, 212 F. Supp. 126, 130 (W.D. Pa. 1962). As the court stated in Coastal States, 84 F.R.D. at 282, "postpon[ing] discovery of issues relating to the merits of a case pending resolution of potentially dispositive motions . . . is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources."

Good cause for suspending discovery exists in this case. Discovery will not produce information relevant to the resolution of the pending motion for judgment on the pleadings, which raises a purely legal issue. The grounds for that motion are that, with respect to time solely spent driving a Government vehicle between home and work, the complaint fails to state a claim upon which relief can be granted. The motion is based upon controlling precedent holding that such time is not compensable under the FLSA. See Adams v. United States, 471 F.3d 1321 (2006), cert. denied, 128 S.Ct. 866 (2008); Bobo v. United States, 37 Fed. Cl. 690, 699-700 (1997), aff'd, 136 F.3d 1465 (Fed. Cir. 1998). The motion contains no factual assertions as to which plaintiff can claim a need for discovery. The only conceivable factual issue plaintiffs can raise in response to our motion is whether the home-to-work driving that they perform is materially different from the driving involved in Adams and Bobo. If there is such a difference, however, plaintiffs must know what it is; plaintiffs can hardly claim that they lack knowledge of the nature and purpose of their own activities, and that they require discovery concerning these activities.

Neither plaintiffs' April 3, 2008 document request, nor any other conceivable discovery, could be necessary for plaintiffs to raise such differences in a response to our dispositive motion. Indeed, the categories of documents sought in the referenced document request (a copy of which is attached) indicate an intent merely to prove the same facts that the plaintiffs in Adams proved, and that led to judgment in the Government's favor. In these circumstances, suspension of discovery is justified.

For the foregoing reasons, defendant's motion for suspension of discovery should be granted.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

**s/Todd M. Hughes**
TODD M. HUGHES
Deputy Director

**Filed electronically**

**s/Shalom Brilliant**
SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Telephone: (202) 616-8275
Facsimile: (202) 305-7643

Attorneys for Defendant

OF COUNSEL:
Michael J. Dierberg
William P. Rayel
Trial Attorneys
Commercial Litigation Branch
Civil Division
Department of Justice

April 15, 2008

# ATTACHMENT

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| LUIS A. CARRION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | Case No. 07-626C<br>(Judge Susan G. Braden) |

**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rule 34 of the United States Court of Federal Claims (RUSCFC), plaintiffs Luis A. Carrion, Robert H. Johnson and Thomas W. Thaxton, Jr. ("plaintiffs"), through undersigned counsel, request that defendant respond to the following Requests for Production of Documents and sign under oath on or before May 5, 2008. All production requests shall be deemed to be addressed to all agents and employees of defendant having knowledge of the subject matter, and all responses shall reflect the cumulative knowledge of all such agents and employees of defendant. In answering the Requests for Production of Documents, defendant is requested to identify, specifically and in a form suitable for use in a production request, all documents as defined herein containing, setting forth, or pertaining to the information provided in answering; or in the alternative, to attach copies of such documents to its responses.

## I. INSTRUCTIONS

A. These production requests are continuing in character and require defendant to file supplementary answers in accordance with RUSCFC 26(e) if it obtains further, additional or different information after its initial answers and before trial.

B. In producing the requested documents, please identify the request number to which each document is responsive.

C. If any document or part thereof is withheld pursuant to a claim of privilege, please identify each such document for which privilege is claimed by (i) the type of document (e.g., letter, memorandum, etc.), its date, author and addressee or recipient; (ii) the number of pages in the document; (iii) a general description of the subject matter of the document, and (iv) the privilege being claimed and the basis for withholding the document under claim of privilege.

D. If any document responsive to any request made herein was, but no longer is in defendant's possession, custody or control, state what disposition was made of that document and the date on which such disposition was made.

E. If defendant maintains that any document or record requested herein has been destroyed, describe the contents of said document, the location of any copies of said document, the date of such destruction and the name of the person who ordered or authorized such destruction.

F. As used herein, all words used in their singular shall be deemed to include the words in their plural form and vice versa.

G. These document requests relate to the period commencing January 1, 2003, to date. The defendant is reminded of its duty under RCFC 26(e) to supplement its responses.

## II. DEFINITIONS

A. "Document" means all original documents, and any and all nonidentical copies thereof, of any kind of written or graphic matter, however produced or reproduced, of any kind or description, and any attachments thereto including but not limited to correspondence, memoranda, handwritten notes, work papers, drafts, recordings, computer disks or printouts, e-mails, ledgers,

reports, studies, transcripts, contracts, questionnaires, telegrams, teletypes, summaries, instructions, notices, desk calendars, appointment books, diaries, telephone logs, films, videotapes, photographs, lists, calendars, tabulations, charts, graphs, data compilations, rules, regulations, manuals, handbooks and instructions, in effect and/or existence, and/or created or generated during the time period set forth in the Instructions.

B. The term "communication" means and refers to any oral statement, discussion, conversation or conference (whether face-to-face or by telephone), and any documents by, to, between or among one or more persons conducted on or after the time period set forth in Instruction G above, except as otherwise indicated.

C. A document or communication "referring or relating to" any given subject means any document or communication that constitutes, contains, embodies, reflects, identifies, states, refers to, deals with, or is in any way pertinent or relevant to that subject, including without limitation documents concerning the preparation of other documents.

D. The term "identify," when used in reference to a document, means to state the date, author and type of document (e.g., letter, memorandum, telegram, chart, etc.), or to provide some other means of identifying it, and to disclose its present location and custodian.

E. "Identify" with reference to a person means to state his/her full name, business address and telephone number -- or if not known, his/her home address and telephone number -- job title as of the time inquired into and as of the present. Once a person has been so identified in an answer or response, he/she may thereafter be identified simply by name.

F. "Identify" with reference to a governmental agency means to set forth the full name of the agency or any of its offices, divisions, branches, sections, operating components, or any other

identifiable sub-part; its address or principal place of business. If the agency has delegated a function or task to another agency, the agency shall still answer the question on the basis of the information available to it.

G. "Describe" and/or "state" means to set forth fully, completely, unambiguously and in detail every fact relating to the answer called for about which defendant has knowledge. These terms also mean to specify in detail and to particularize the content of a document, communication, act or event, or series of documents, communications, acts, or events and not to summarize or outline the documents, communications, acts, events, or series of events.

H. "Relating to" or "relate to" means constitutes, comprises, contains, consists, consists of, sets forth, proposes, shows, discloses, describes, discusses, explains, summarizes, concerns, reflects, authorizes, or refers to, directly or indirectly.

I. The present tense includes the past and future tenses. The singular includes the plural and the plural includes the singular. "All" means "any and all"; "any" means "any and all"; "including" means "including but not limited to"; "each" means "each and every".

J. The conjunctions "and" and "or" shall be individually interpreted in every instance as meaning "and/or" and shall not be interpreted disjunctively to exclude any document otherwise within the scope of any request. Whenever necessary to bring within the scope of a request all documents that might otherwise be construed to be outside its scope, (i) the use of a verb in any tense shall be construed as the use of the verb in all other tenses, and (ii) "any" includes "all," and "all" includes "any".

K. The term "agency" refers to the national office of the Drug Enforcement Administration ("DEA") and its divisions, branches, sections, operating components, regional offices or any other identifiable sub-parts.

## III. DOCUMENTS REQUESTED

1. All agency documents relating to, reflecting and/or indicating the methods, purposes, instructions, and/or methodologies whereby Diversion Investigators ("DIs") employed by defendant, including plaintiffs, have been directed to drive, and have driven, between home and/or domicile and work sites and are provided with government owned or leased vehicles ("vehicles") for doing so.

2. All agency documents relating to the equipment of DIs employed by the agency, including plaintiffs, are permitted, required and/or do transport in the vehicles described in paragraph 1 above.

3. All agency documents relating to the use or the misuse of government owned or leased vehicles by DIs employed by the agency, including plaintiffs.

4. All agency documents relating to the handling, transporting, storage and/or training for use, or use, of vehicles by DIs employed by the agency, including plaintiffs.

5. All agency documents relating to the Federal income tax treatment of the value of transportation between home or domicile and work sites in agency vehicles by DIs employed by the agency, including plaintiffs.

6. All agency documents relating to accidents occurring in connection with the use of agency vehicles by DIs employed by the agency, including plaintiffs.

Respectfully submitted,

OF COUNSEL:
Linda Lipsett

Jules Bernstein
Bernstein & Lipsett, P.C.
1920 L Street, N.W., Suite 303
Washington, D.C. 20036
(202) 296-1798

Counsel of Record

Edgar James
James & Hoffman
1101 17th Street, N.W., Suite 510
Washington, D.C. 20036
(202) 496-0500

Attorneys for Plaintiffs

Dated: April 3, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that on April 3, 2008, I caused two copies of Plaintiffs' First Request for Production of Documents to be served by hand, on the following counsel of record:

Shalom Brilliant, Esquire
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Room 7036
Washington, D.C. 20530

Jules Bernstein

CERTIFICATE OF FILING

I hereby certify that on the 15th day of April, 2008, a copy of the foregoing "DEFENDANT'S MOTION FOR A PROTECTIVE ORDER SUSPENDING DISCOVERY PENDING RESOLUTION OF DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS," was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

**s/Shalom Brilliant**