| Key points and principles | Section(s) | Question(s) | Guidance |
|---|---|---|---|
| II. Section 15 of the Act allows agencies to enter into funding agreements with NAS and NAPA without the academies' committees being "managed" or "controlled" | 102-3.185(c) | 1. Can an agency enter into a funding agreement with an academy which provides for the preparation of one or more academy reports containing advice or recommendations to the agency, to be developed by the academy by use of a committee created by the academy, without subjecting an academy to "actual management or control" by the agency? | A. Yes, if the members of the committee are selected by the academy and if the committee's meetings, deliberations, and the preparation of reports are all controlled by the academy. Under these circumstances, neither the existence of the funding agreement nor the fact that it contemplates use by the academy of an academy committee would constitute actual management or control of the committee by the agency. |

# PART 102-4—NONDISCRIMINATION IN FEDERAL FINANCIAL ASSISTANCE PROGRAMS [RESERVED]

# PART 102-5—HOME-TO-WORK TRANSPORTATION

## Subpart A—General

Sec.
102-5.5 Preamble.
102-5.10 What does this part cover?
102-5.15 Who is covered by this part?
102-5.20 Who is not covered by this part?
102-5.25 What additional guidance concerning home-to-work transportation should Federal agencies issue?
102-5.30 What definitions apply to this part?

Subpart B—Authorizing Home-to-Work Transportation

102-5.35 Who is authorized home-to-work transportation?
102-5.40 May the agency head delegate the authority to make home-to-work determinations?
102-5.45 Should determinations be completed before an employee is provided with home-to-work transportation?
102-5.50 May determinations be made in advance for employees who respond to unusual circumstances when they arise?
102-5.55 How do we prepare determinations?
102-5.60 How long are initial determinations effective?
102-5.65 What procedures apply when the need for home-to-work transportation exceeds the initial period?
102-5.70 What considerations apply in making a determination to authorize home-to-work transportation for field work?
102-5.75 What circumstances do not establish a basis for authorizing home-to-work transportation for field work?
102-5.80 What are some examples of positions that may involve field work?
102-5.85 What information should our determination for field work include if positions are identified rather than named individuals?
102-5.90 Should an agency consider whether to base a Government passenger carrier at a Government facility near the employee's home or work rather than authorize the employee home-to-work transportation?
102-5.95 Is the comfort and/or convenience of an employee considered sufficient justification to authorize home-to-work transportation?
102-5.100 May we use home-to-work transportation for other than official purposes?
102-5.105 May others accompany an employee using home-to-work transportation?

Subpart C—Documenting and Reporting Determinations

102-5.110 Must we report our determinations outside of our agency?
102-5.115 When must we report our determinations?
102-5.120 What are our responsibilities for documenting use of home-to-work transportation?

AUTHORITY: Sec. 205(c), 63 Stat. 390; 40 U.S.C. 486(c); 31 U.S.C. 1344(e)(1).

SOURCE: 65 FR 54966, Sept. 12, 2000, unless otherwise noted.

## Subpart A—General

**§ 102-5.5 Preamble.**

(a) The questions and associated answers in this part are regulatory in effect. Thus compliance with the written text of this part is required by all to whom it applies.

(b) The terms "we," "I," "our," "you," and "your," when used in this part, mean you as a Federal agency, an agency head, or an employee, as appropriate.





**§ 102-5.10 What does this part cover?**

This part covers the use of Government passenger carriers to transport employees between their homes and places of work.

**§ 102-5.15 Who is covered by this part?**

This part covers Federal agency employees in the executive, judicial, and legislative branches of the Government, with the exception of employees of the Senate, House of Representatives, Architect of the Capitol, and government of the District of Columbia.

**§ 102-5.20 Who is not covered by this part?**

This part does not cover:

(a) Employees who are on official travel (TDY); or

(b) Employees who are on permanent change of station (PCS) travel; or

(c) Employees who are essential for the safe and efficient performance of intelligence, counterintelligence, protective services, or criminal law enforcement duties when designated in writing as such by their agency head.

**§ 102-5.25 What additional guidance concerning home-to-work transportation should Federal agencies issue?**

Each Federal agency using Government passenger carriers to provide home-to-work transportation for employees who are essential for the safe and efficient performance of intelligence, counterintelligence, protective services, or criminal law enforcement duties should issue guidance concerning such use.

**§ 102-5.30 What definitions apply to this part?**

The following definitions apply to this part:

*Agency head* means the highest official of a Federal agency.

*Clear and present danger* means highly unusual circumstances that present a threat to the physical safety of the employee or their property when the danger is:

(1) Real; and

(2) Immediate or imminent, not merely potential; and

(3) The use of a Government passenger carrier would provide protection not otherwise available.

*Compelling operational considerations* means those circumstances where home-to-work transportation is essential to the conduct of official business or would substantially increase a Federal agency's efficiency and economy.

*Emergency* means circumstances that exist whenever there is an immediate, unforeseeable, temporary need to provide home-to-work transportation for those employees necessary to the uninterrupted performance of the agency's mission. (An emergency may occur where there is a major disruption of available means of transportation to or from a work site, an essential Government service must be provided, and there is no other way to transport those employees.)

*Employee* means a Federal officer or employee of a Federal agency, including an officer or enlisted member of the Armed Forces.

*Federal agency* means:

(1) A department (as defined in section 18 of the Act of August 2, 1946 (41 U.S.C. 5a));

(2) An executive department (as defined in 5 U.S.C. 101);

(3) A military department (as defined in 5 U.S.C. 102);

(4) A Government corporation (as defined in 5 U.S.C. 103(1));

(5) A Government controlled corporation (as defined in 5 U.S.C. 103(2));

(6) A mixed-ownership Government corporation (as defined in 31 U.S.C. 9101(2));

(7) Any establishment in the executive branch of the Government (including the Executive Office of the President);

(8) Any independent regulatory agency (including an independent regulatory agency specified in 44 U.S.C. 3502(10));

(9) The Smithsonian Institution;

(10) Any nonappropriated fund instrumentality of the United States; and

(11) The United States Postal Service.

*Field work* means official work requiring the employee's presence at various locations other than his/her regular place of work. (Multiple stops

(itinerant-type travel) within the accepted local commuting area, limited use beyond the local commuting area, or transportation to remote locations that are only accessible by Government-provided transportation are examples of field work.)

*Home* means the primary place where an employee resides and from which the employee commutes to his/her place of work.

*Home-to-work transportation* means the use of a Government passenger carrier to transport an employee between his/her home and place of work.

*Passenger carrier* means a motor vehicle, aircraft, boat, ship, or other similar means of transportation that is owned (including those that have come into the possession of the Government by forfeiture or donation), leased, or rented (non-TDY) by the United States Government.

*Work* means any place within the accepted commuting area, as determined by the Federal agency for the locality involved, where an employee performs his/her official duties.

## Subpart B—Authorizing Home-to-Work Transportation

**§ 102–5.35 Who is authorized home-to-work transportation?**

By statute, certain Federal officials are authorized home-to-work transportation, as are employees who meet certain statutory criteria as determined by their agency head. The Federal officials authorized by statute are the President, the Vice-President, and other principal Federal officials and their designees, as provided in 31 U.S.C. 1344(b)(1) through (b)(7). Those employees engaged in field work, or faced with a clear and present danger, an emergency, or a compelling operational consideration may be authorized home-to-work transportation as determined by their agency head. No other employees are authorized home-to-work transportation.

**§ 102–5.40 May the agency head delegate the authority to make home-to-work determinations?**

No, the agency head may not delegate the authority to make home-to-work determinations.

**§ 102–5.45 Should determinations be completed before an employee is provided with home-to-work transportation?**

Yes, determinations should be completed before an employee is provided with home-to-work transportation unless it is impracticable to do so.

**§ 102–5.50 May determinations be made in advance for employees who respond to unusual circumstances when they arise?**

Yes, determinations may be made in advance when the Federal agency wants to have employees ready to respond to:

(a) A clear and present danger;

(b) An emergency; or

(c) A compelling operational consideration.

NOTE TO § 102–5.50: Implementation of these determinations is contingent upon one of the three circumstances occurring. Thus, these may be referred to as "contingency determinations."

**§ 102–5.55 How do we prepare determinations?**

Determinations must be in writing and include the:

(a) Name and title of the employee (or other identification, if confidential);

(b) Reason for authorizing home-to-work transportation; and

(c) Anticipated duration of the authorization.

**§ 102–5.60 How long are initial determinations effective?**

Initial determinations are effective for no longer than:

(a) Two years for field work, updated as necessary; and

(b) Fifteen days for other circumstances.

**§ 102–5.65 What procedures apply when the need for home-to-work transportation exceeds the initial period?**

The agency head may approve unlimited subsequent determinations, when the need for home-to-work transportation exceeds the initial period, for no longer than:

(a) Two years each for field work, updated as necessary; and





(b) Ninety calendar days each for other circumstances.

**§ 102–5.70 What considerations apply in making a determination to authorize home-to-work transportation for field work?**

Agencies should consider the following when making a determination to authorize home-to-work transportation for field work:

(a) The location of the employee's home in proximity to his/her work and to the locations where non-TDY travel is required; and

(b) The use of home-to-work transportation for field work should be authorized only to the extent that such transportation will substantially increase the efficiency and economy of the Government.

**§ 102–5.75 What circumstances do not establish a basis for authorizing home-to-work transportation for field work?**

The following circumstances do not establish a basis for authorizing home-to-work transportation for field work:

(a) When an employee assigned to field work is not actually performing field work.

(b) When the employee's workday begins at his/her work; or

(c) When the employee normally commutes to a fixed location, however far removed from his/her official duty station (for example, auditors or investigators assigned to a defense contractor plant).

NOTE TO § 102–5.75: For instances where an employee is authorized home-to-work transportation under the field work provision, but performs field work only on an intermittent basis, the agency shall establish procedures to ensure that a Government passenger carrier is used only when field work is actually being performed. Although some employees' daily work station is not located in a Government office, these employees are not performing field work. Like all Government employees, employees working in a "field office" are responsible for their own commuting costs.

**§ 102–5.80 What are some examples of positions that may involve field work?**

Examples of positions that may involve field work include, but are not limited to:

(a) Quality assurance inspectors;

(b) Construction inspectors;

(c) Dairy inspectors;

(d) Mine inspectors;

(e) Meat inspectors; and

(f) Medical officers on outpatient service.

NOTE TO § 102–5.80: The assignment of an employee to such a position does not, of itself, entitle an employee to receive daily home-to-work transportation.

**§ 102–5.85 What information should our determination for field work include if positions are identified rather than named individuals?**

If positions are identified rather than named individuals, your determination for field work should include sufficient information to satisfy an audit, if necessary. This information should include the job title, number, and operational level where the work is to be performed (e.g., five recruiter personnel or, positions at the Detroit Army Recruiting Battalion).

NOTE TO § 102–5.85: An agency head may elect to designate positions rather than individual names, especially in positions where rapid turnover occurs.

**§ 102–5.90 Should an agency consider whether to base a Government passenger carrier at a Government facility near the employee's home or work rather than authorize the employee home-to-work transportation?**

Yes, situations may arise where, for cost or other reasons, it is in the Government's interest to base a Government passenger carrier at a Government facility located near the employee's home or work rather than authorize the employee home-to-work transportation.

**§ 102–5.95 Is the comfort and/or convenience of an employee considered sufficient justification to authorize home-to-work transportation?**

No, the comfort and/or convenience of an employee is not considered sufficient justification to authorize home-to-work transportation.

**§ 102-5.100 May we use home-to-work transportation for other than official purposes?**

No, you may not use home-to-work transportation for other than official purposes. However, if your agency has prescribed rules for the incidental use of Government vehicles (as provided in 31 U.S.C. note), you may use the vehicle in accordance with those rules in connection with an existing home-to-work authorization.

**§ 102-5.105 May others accompany an employee using home-to-work transportation?**

Yes, an employee authorized home-to-work transportation may share space in a Government passenger carrier with other individuals, provided that the passenger carrier does not travel additional distances as a result and such sharing is consistent with his/her Federal agency's policy. When a Federal agency establishes its space sharing policy, the Federal agency should consider its potential liability for and to those individuals. Home-to-work transportation does not extend to the employee's spouse, other relatives, or friends unless they travel with the employee from the same point of departure to the same destination, and this use is consistent with the Federal agency's policy.

## Subpart C—Documenting and Reporting Determinations

**§ 102-5.110 Must we report our determinations outside of our agency?**

Yes, you must submit your determinations to the following Congressional Committees:

(a) Chairman, Committee on Governmental Affairs, United States Senate, Suite SD-340, Dirksen Senate Office Building, Washington, DC 20510-6250; and

(b) Chairman, Committee on Governmental Reform, United States House of Representatives, Suite 2157, Rayburn House Office Building, Washington, DC 20515-6143.

**§ 102-5.115 When must we report our determinations?**

You must report your determinations to Congress no later than 60 calendar days after approval. You may consolidate any subsequent determinations into a single report and submit them quarterly.

**§ 102-5.120 What are our responsibilities for documenting use of home-to-work transportation?**

Your responsibilities for documenting use of home-to-work transportation are that you must maintain logs or other records necessary to verify that any home-to-work transportation was for official purposes. Each agency may decide the organizational level at which the logs should be maintained and kept. The logs or other records should be easily accessible for audit and should contain:

(a) Name and title of employee (or other identification, if confidential) using the passenger carrier;

(b) Name and title of person authorizing use;

(c) Passenger carrier identification;

(d) Date(s) home-to-work transportation is authorized;

(e) Location of residence;

(f) Duration; and

(g) Circumstances requiring home-to-work transportation.

## PARTS 102-6—102-30 [RESERVED]